**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES MATTHEW PINNOCK, | : | **Hon. Anne E. Thompson** |
| Plaintiff, | : | Civil No. 06-2685 (AET) |
| v. | : |  |
| JUDGE BILL MATHESIUS, et al., | : | **O P I N I O N** |
| Defendants. | : |  |

**APPEARANCES:**

    JAMES MATTHEW PINNOCK,#534791, Pro Se
    Passaic County Jail
    11 Marshall Street
    Paterson, New Jersey  07501

**THOMPSON**, District Judge

    Plaintiff James Matthew Pinnock, a prisoner incarcerated at Passaic County Jail, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $350.00 is paid

in full. See 28 U.S.C. § 1915(a), (b). The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I. BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights by Bill Mathesius, judge of the Superior Court of New Jersey; Assistant Prosecutor James Scott; Public Defender Frank Trosky; and Probation Officers Danielle Vitella and James Hvizdos. He asserts the following facts in support of his claims. Plaintiff alleges that on April 18, 2005, he appeared before Judge Mathesius in the Superior Court of New Jersey on a criminal escape charge. Plaintiff asserts that Trosky, his public defender, advised him of a plea offer which consisted of time served with three years flat. Plaintiff alleges that Trosky told him that if he accepted the plea offer, he would go home and he would not have to go to state prison. Plaintiff asserts that he signed the plea agreement and pled guilty before Judge Mathesius.

Plaintiff asserts that, although probation was not part of the plea agreement, the Probation Officer Defendants prepared papers on June 22, 2005. Plaintiff complains that Defendants violated the plea agreement and incarcerated him. He seeks damages because Defendants falsely sent him to prison.

2

## II.   LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King &

3

Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

Here, Plaintiff complains that Defendants violated the plea agreement by sending him to state prison. His claims for damages are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that an action under § 1983 seeking damages for allegedly unconstitutional imprisonment is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7; see also Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal

habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Close, 540 U.S. at 751.

Plaintiff's allegations in the instant Complaint do not indicate that his false imprisonment has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus.  Thus, his § 1983 claims which necessarily imply the invalidity of that incarceration are not cognizable under § 1983 at this time.

## **IV.  CONCLUSION**

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint.

                                        s/ Anne E. Thompson
                                        **ANNE E. THOMPSON, U.S.D.J.**

Dated: August 18, 2006